UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM A. BASKIN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 4:06-cv-91
Hon. Gordon J. Quist

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on November 1, 1946 and graduated from high school (AR 48, 73).[1] Plaintiff alleged that he has been disabled since January 1, 1999 (AR 48). He had previous employment as a utility maintenance specialist, a truck driver/torchman/warehouse worker at a scrap yard, and as a lab test technician (AR 76). Plaintiff identified his disabling conditions as "degenerative disc disease, depression, hypertensive cardiovascular disease, and hypertension" (AR 67). Plaintiff stated that, "I cannot lift, bend, stand or walk due to my condition" (AR 67).

This is plaintiff's third attempt to obtain Social Security benefits. First, plaintiff filed an application for DIB on October 16, 1998, which was denied (AR 21D). Second, plaintiff filed applications for DIB and SSI on January 10, 2000 (AR 21D). These applications were denied

---

[1] Citations to the administrative record will be referenced as (AR "page #").

initially and then by an Administrative Law Judge (ALJ). The ALJ's decision dated December 26, 2000, considered and incorporated plaintiff's claims raised in his 1998 application (AR 21D). Third, plaintiff filed an application for DIB on November 25, 2002 (AR 21D). After administrative denial of this application, an ALJ reviewed plaintiff's claims *de novo* and entered a decision denying these claims on September 24, 2004 (AR 21D-21J). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).

Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity

3

(determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. As a preliminary matter, after reviewing all of the evidence of record, the ALJ determined that plaintiff's prior claims denied on December 26, 2000, should not be reopened (AR 21E). Following the five steps, the ALJ initially found that plaintiff was insured for DIB through December 31, 2000, and has not engaged in substantial gainful activity since his alleged disability onset date of January 1, 1999 (AR 21I). Second, the ALJ found that plaintiff had a severe impairment of degenerative disc disease of the lumbar spine (AR 21I). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 21I).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) during the relevant time period (i.e., through December 31, 2000) as follows:

> lift and carry 20 pounds occasionally and ten pounds frequently; sit, stand, or walk for six hours in an eight-hour work day with normal breaks; and use his upper and lower extremities without restriction. The claimant's impairments prevent him from bending, twisting, or climbing more than occasionally.

(AR 21I). The ALJ found that plaintiff could not perform any of his past relevant work (AR 21I).

At the fifth step, the ALJ found that plaintiff could perform a significant range of light work and that there were a significant number of jobs in the national economy that he could have performed during the relevant time period (AR 21I). "Adopting the prior determination and also based on an independent analysis of the record," the ALJ found that plaintiff was not disabled

4

(AR 21H). The prior ALJ's decision, dated December 26, 2000, found that plaintiff could perform 205,000 jobs, including clerk (50,000 jobs), packager (20,000 jobs), assembler (75,000 jobs), and visual inspector (60,000 jobs) (AR 311).

Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 21I-J)).

### III. ANALYSIS

Petitioner raised two related issues on appeal:

**A.   The ALJ abused his discretion by failing to reopen plaintiff's prior claims.**

**B.   The evidence that was considered in making the determinations of plaintiff's first and subsequent applications was not included in the record on appeal before this court.**

The record reflects that plaintiff was represented throughout the agency proceedings by the Binder and Binder law firm of Ronkoma, New York (AR 15, 283). The Appeals Council denied plaintiff's request for review on June 20, 2006 (AR 3). Plaintiff filed a *pro se* appeal in this court on August 7, 2006. *See* docket no. 1. Defendant filed her answer on October 23, 2006 and the administrative record on October 25, 2006. *See* docket nos. 5 and 7. The administrative record included a copy of the ALJ's decision dated September 24, 2004, a transcript of the September 22, 2004 administrative hearing, medical records and other supporting documents that reflected plaintiff's condition since December 27, 2000 (AR 1-289). However, this record did not include a copy of ALJ's December 26, 2000 decision denying benefits or documents in support of that earlier decision.

The court directed plaintiff to file his initial brief on November 27, 2006. *See* docket no. 9. Plaintiff's present counsel. Mr. Michael A. Roth, appeared in this suit when he filed plaintiff's initial brief on that date. *See* docket no. 10. In his brief, plaintiff apparently wants this court to reverse the ALJ's September 24, 2004 decision, in part, because the ALJ abused his discretion in failing to re-open the December 26, 2000 decision. In the alternative, plaintiff apparently wants the court to remand this matter to obtain a copy of the administrative record which supports the December 26, 2000 decision.

On December 11, 2006, defendant filed a supplemental administrative record which included December 26, 2000 decision, a transcript of the December 13, 2000 administrative hearing, medical records and other supporting documents that reflected plaintiff's condition prior to that decision (AR 290-676). Defendant filed her response brief on December 22, 2006. *See* docket no. 13. Plaintiff did not file a reply brief or address the supplemental administrative record in any way.

"[A] federal court is without jurisdiction to review the [Commissioner's] decision to deny reopening of a claimant's case." *Willis v. Secretary, Health and Human Services*, 802 F.2d 870, 873 (6th Cir. 1986), *citing Califano v. Sanders*, 430 U.S. 99, 107-08 (1977). An exception to this rule exists when the claimant presents a colorable constitutional claim. *Id.* For example, a claimant may establish a colorable constitutional claim for denial of due process when his mental capacity may have prevented him from pursuing his administrative remedies. *See Willis*, 802 F.2d at 873. "[A]bsent a colorable constitutional claim, federal courts are without jurisdiction to review the [Commissioner's] denial of benefits on the basis of *res judicata.*" *Parker v. Califano*, 644 F.2d 1199, 1201 (6th Cir. 1981) (citations omitted).

Here, plaintiff apparently contends that defendant's failure to include the supplemental transcript with her answer created such "a colorable constitutional claim," sufficient to allow this court to review the ALJ's decision not to re-open plaintiff's previous claims. Plaintiff's contention is without merit. Plaintiff does not allege any constitutional infirmity in the administrative appeals process. Plaintiff's previous counsel pursued the available administrative remedies in this matter when he requested review by the Appeals Council, raising the issue that "[t]he ALJ erroneously adopted a determination from the prior decision" (AR 8). Defendant's failure to file a particular document in this court case neither denied plaintiff his due process rights in the administrative appeal, nor prevented plaintiff from pursuing his administrative appeals of the the ALJ's decision. *See generally, Willis*, 802 F.2d 870; *Parker*, 644 F.2d 1199. In short, there is no basis for this court to exercise jurisdiction over the ALJ's decision not to re-open the December 26, 2000 decision denying benefits. *Id.*

Next, plaintiff points out that he is unable to bring an appropriate appeal in this court because defendant filed an allegedly incomplete administrative record. The court disagrees. Defendant initially filed a 289-page administrative record related to the September 24, 2004 decision. When plaintiff pointed out the need to review the administrative record of the December 26, 2000 decision, defendant promptly filed that record. However, the court notes that plaintiff did not utilize the new transcript in any manner, or, for that matter, file a reply brief pursuant to the court's briefing schedule. Accordingly, plaintiff's request for a remand to obtain a copy of the administrative record is moot.

Finally, the court finds no basis to reverse the ALJ's September 24, 2004 decision denying benefits. The sole issue before the ALJ was whether plaintiff was disabled on or before

7

December 31, 2000. The prior decision established that plaintiff was not disabled as of December 26, 2000. Plaintiff presents no evidence that his condition deteriorated dramatically and that he became disabled between December 26, 2000 and December 31, 2000. On the contrary, the record includes a physical RFC assessment and a psychiatric review technique form for the time period of December 26-31, 2000, prepared by DDS physicians, both of which support the ALJ's decision denying benefits (AR 191-214). Based on this record, the ALJ's decision denying benefits is supported by substantial evidence.

**IV.    Recommendation**

        I respectfully recommend that the Commissioner's decision be affirmed.

Dated: July 27, 2007                                                      /s/ Hugh W. Brenneman, Jr.
                                                                 HUGH W. BRENNEMAN, JR.
                                                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).